UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Civil Action No.:

| | |
|---|---|
| PETER TALMAGE and CHRISTINE TALMAGE,<br>Plaintiffs,<br><br>v.<br><br>KEUKA LAKESIDE INN, INC. and RONALD LEONARD,<br>Defendants. | **COMPLAINT** |

Plaintiffs Peter Talmage and Christine Talmage, by counsel, for their Complaint, state as follows:

### Jurisdiction

Jurisdiction is based on so-called diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), with the amount in controversy in excess of Seventy-Five Thousand ($75,000.00) Dollars.

### Venue

Venue is based upon 28 USC 1391(b)(2).

### The Parties

1. Plaintiff Peter Talmage ("Plaintiff") is an individual, a citizen of the Commonwealth of Massachusetts, and resides in Amherst, Massachusetts.

2. Plaintiff Christine Talmage ("Plaintiff spouse") is an individual, a citizen of the Commonwealth of Massachusetts, and resides in Amherst, Massachusetts.

3. At all times relevant to the Complaint, Plaintiff spouse was married to and resided with Plaintiff.

4. Defendant Keuka Lakeside Inn, Inc. ("Defendant Inn") is a New York corporation with an usual place of business at 24 Water Street, Hammondsport, County of Steuben, New York 14840.

5. At all times relevant to the Complaint, Defendant owned and operated an inn known as the Keuka Lakeside Inn (the Inn"), located at 24 Water Street, Hammondsport, NY 14840.

6. Defendant Ronald Leonard ("Defendant Leonard") is an individual, a citizen of the

1

State of New York, and resides at 9517 Manley Hill Road, Lindley, County of Steuben, New York 14858.

7. At all times relevant to the Complaint, Defendant Leonard was the innkeeper for the Inn, and was responsible for operating and maintaining it and for otherwise keeping the Inn reasonably safe for the use of its guests.

## Nature of the Action

8. This is an action for money damages for personal injury suffered by Plaintiff on September 15, 2015 while a guest at Defendant's lodging establishment in Hammondsport, New York. Defendant and its Innkeeper, Defendant Leonard, failed to maintain its property in a reasonably safe condition, causing or contributing to cause Plaintiff to fall in excess of seven feet and sustain serious and permanent injuries. Defendant Plaintiff's spouse also suffered a loss of consortium as a result of the injury to her husband.

## Facts Alleged

9. At all times relevant to the Complaint, the Inn was located on property in Hammondsport, New York, which property was between adjacent Keuka Lake to the east and adjacent Water Street to the west.

10. At all times relevant to the Complaint, a culvert known as the Hammondsport Flume ("the flume" or "the culvert") crossed the Inn's property.

11. The flume was owned and/or operated and maintained by the State of New York, and was part of said state's flood control system.

12. The flume was up to seven or more feet deep and more than five feet wide where it crossed the Inn's property, was lined with concrete, and lacked any barricades, fencing or barriers of any kind that would prevent a person from falling into said flume.

13. The vertical walls on both sides of the flume extended above the level of the ground adjacent to the culvert, such that the walls created a tripping hazard to persons, including but not limited to guests of the Inn, who were traversing the Inn's property.

14. The Inn was located immediately adjacent to a public recreation area, a parking lot, and to downtown Hammondsport, and, at all times relevant to the Complaint, it was known and/or foreseeable to Defendant Inn and Defendant Leonard that persons, including children, who visited the recreation area and/or utilized the parking lot, as well as guests of the Inn and others, would traverse the Inn's property in the area of the flume.

15. At all times relevant to the Complaint, there was no artificial lighting on property of the Inn or anywhere to illuminate the culvert at night.

16. At all times relevant to the Complaint, there were no signs or warnings of any kind provided to guests of the Inn or anyone else, warning them about the presence of the culvert across the Inn's property.

17. At all times relevant to the Complaint, Plaintiff was a guest of Defendant Inn.

18. Plaintiff had never been to the Inn, to Hammondsport or to Keuka Lake, prior to September 15, 2016.

19. On the evening of September 15, 2015, at or about 10:00 p.m., while the Plaintiff was walking adjacent to said Water Street and towards the Inn, he tripped over the south wall of the said culvert, east of the culvert's intersection with Water Street.

20. Plaintiff was caused to be violently precipitated approximately seven feet to the bottom of the culvert, landing on his head and causing him to sustain serious and permanent injuries.

## COUNT I (Negligence)

21. Defendant Inn and Defendant Leonard were negligent in failing to maintain the Inn in a reasonably safe condition, including but not limited to their:

   a. Failure to illuminate the flume such that it would be visible to guests such as Plaintiff and other persons who would foreseeably traverse the property of the Inn at night; and,
   b. Failure to warn guests such as Plaintiff and other persons who would foreseeably traverse the property of the Inn at night, through visible and illuminated signs and any other warnings, of the existence of the flume.

22. As a direct and proximate result of the negligence of Defendant Inn and Defendant Leonard as aforesaid, Plaintiff was caused to plummet into the flume as aforesaid, and to sustain serious and permanent injuries.

**WHEREFORE, PLAINTIFF PETER TALMAGE DEMANDS JUDGMENT AGAINST DEFENDANTS KEUKA LAKESIDE INN, INC. and RONALD LEONARD IN THE SUM OF SIX MILLION ($6,000,000.00) DOLLARS, PLUS COSTS.**

## COUNT II (Consortium)

23. Plaintiff spouse realleges and reaffirms paragraphs 1 through 22 as if specifically alleged and affirmed herein.

24. As a result of the negligence of Defendant Inn and Defendant Leonard as detailed hereinbefore, Plaintiff spouse was deprived of the consortium, comfort, companionship, household services and love, affection and enjoyment of Plaintiff, and has been informed and verily believes that such deprivation will be permanent.

**WHEREFORE, PLAINTIFF CHRISTINE TALMAGE DEMANDS JUDGMENT AGAINST DEFENDANTS KEUKA LAKESIDE INN, INC. and RONALD LEONARD IN**

THE SUM OF TWO MILLION ($2,000,000.00) DOLLARS, PLUS COSTS.

### COUNT III (PUNITIVE DAMAGES)

25. Plaintiff and Plaintiff spouse reallege and reaffirm paragraphs 1 through 24 as if specifically alleged and affirmed herein.

26. The above-described failures of Defendant Inn and Defendant Leonard to illuminate the flume during the night and/or warn its guests of the presence of the flume, particularly given the foreseeable presence of guests and others unfamiliar with the Inn's property, the tripping hazard created by the flume's walls extending over the level of the adjacent ground, and the risk of serious injury or death from falling into the approximately seven foot deep concrete flume, constitute wilful or wanton negligence, recklessness and/or a conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

27. Plaintiff and Plaintiff's spouse are therefore entitled to an award of punitive damages as against Defendant Inn and Defendant Leonard.

**WHEREFORE, PLAINTIFFS PETER TALMAGE AND CHRISTINE TALMAGE DEMAND JUDGMENT AGAINST DEFENDANTS KEUKA LAKESIDE INN, INC. and RONALD LEONARD FOR PUNITIVE DAMAGES IN THE SUM OF TWELVE MILLION ($12,000,000.00) DOLLARS, PLUS COSTS.**

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS**

Dated: New York, New York
      August 27, 2018

Yours, etc.
CHARNAS LAW FIRM, P.C.

By: Scott E. Charnas
*Attorneys for Plaintiffs*
455 East 51st Street
New York, New York 10022
Tel: 212-980-6800
Fax: 212-980-1871
Email: scharnas@charnaslawfirm.com